IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN GREER,                                 :
                                              :
      Plaintiff,                          :          Civil Action
                                              :          File No.:  2:24-cv-14258-AMC
v.                                            :
                                              :
ROBERT HOYING, et al.,                        :
                                              :
      Defendants.                         :

---

**DEFENDANTS' RENEWED REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CORRECTED SECOND AMENDED COMPLAINT**

---

COMES NOW, Defendants, pursuant to the Court's Order dated November 27, 2024 (Doc. 32) and files this their Renewed Reply in Support of Their Motion to Dismiss Plaintiff's Corrected Second Amended Complaint and in support thereof states as follows:

In a Response filled with irrelevant and legally inaccurate arguments, Plaintiff boasts of his many pro se lawsuits, alleged connections to the legal community, and supposed litigation skills. (*See* Resp. at 1–3, Doc. 30.) However, none of these arguments support his baseless claims.

This Court lacks personal jurisdiction over Defendants. Case law  refutes Plaintiff's argument that merely having an accessible online hotel booking system in Florida establishes personal jurisdiction. None of the events related to Plaintiff's claims, let alone a significant portion of them, occurred in Florida, making venue improper. Additionally, Plaintiff fails to address the numerous legal and pleading deficiencies that undermine each of his claims. Therefore, the Court should respectfully grant Defendants' Motion (Doc. 29) and dismiss Plaintiff's Corrected Second Amended Complaint ("SAC").

I.    **LAW AND ARGUMENT.**

Nothing in Plaintiff's Response salvages this case. The Court should dismiss Plaintiff's

claims for lack of personal jurisdiction, improper venue, and failure to state a claim.

### A.    <u>Plaintiff's Claims Still Fail for Lack of Personal Jurisdiction.</u>

Plaintiff fails to demonstrate that this Court possesses personal jurisdiction over each of his claims against the Defendants. Plaintiff relies almost exclusively on his allegation that individuals in Florida can reserve rooms at the Home2 Suites by Hilton ("Hotel") online. But a Florida resident's ability to go online and reserve a room at the Hotel—when Plaintiff does not allege that he booked the hotel stay in question while he was in Florida—does not justify exercising personal jurisdiction over the Ohio-based Defendants.

### 1.    Personal Jurisdiction Is Improper Under the Long-Arm Statute.

Plaintiff contends that the Florida long-arm statute provides for personal jurisdiction because Defendants purportedly engage in "substantial" activity in Florida. (Resp. at 3, Doc. 30 (quoting Fla. Stat. § 48.193(2)).) But the accessibility of online booking options in Florida does not amount to Defendants engaging in substantial activity in the state. *See Schefren v. Carpenter*, No. 14-cv-21838, 2014 WL 12026079, at *3 (S.D. Fla. Aug. 20, 2014); *Trs. of Columbia Univ. in City of New York v. Ocean World, S.A.*, 12 So. 3d 788, 795 (Fla. Dist. Ct. App. 2009).

Plaintiff provides no legal authority to support the claim that Florida's long-arm statute allows for personal jurisdiction over Defendants merely because a hotel offers online booking accessible to Florida residents. None of the cases cited by Plaintiff demonstrate that a defendant engages in "substantial" activity in Florida solely due to the presence of online booking options.

Instead, Plaintiff cites cases in which the plaintiff's claims *arose out of* Florida residents accessing websites while in Florida. (*See* Resp. at 5, 7, Doc. 30.) That is, courts have exercised personal jurisdiction when the website access itself is a part of the claim because in those situations, unlike here, the claim arose out of the defendant's online contact with Florida. *See Del*

2

*Valle v. Trivago GMBH*, 56 F.4th 1265, 1274 (11th Cir. 2022); *Nordt v. Colina Ins. Ltd.*, No. 17-21226, 2017 WL 4225550, at *2, *4 (S.D. Fla. Sept. 22, 2017); *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1215–16 (Fla. 2010). And in the non-Florida cases Plaintiff relies, the claims also *arose out of* the defendants' online activities. *See Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 279 (2d Cir. 2024); *Gates v. Royal Palace Hotel*, 1998 WL 951002, at *5 (Conn. Super. Ct. 1998).

None of Plaintiff's claims stem from the availability of online Hotel booking options in Florida. Indeed, the pleadings do not indicate that he booked his Hotel stay while online in Florida. Nor are Defendants engaged in substantial activity in Florida under the long-arm statute merely because Florida residents can access online booking options for the Hotel. *See Schefren*, 2014 WL 12026079, at *3; *Trs. of Columbia Univ.*, 12 So. 3d at 795. Exercising personal jurisdiction over Defendants is improper under Florida's long-arm statute.

### 2.     Personal Jurisdiction Is Improper Under the Due Process Clause.

In arguing for personal jurisdiction under the Due Process Clause, Plaintiff again relies on *Zippo*. (Resp. at 4, Doc. 30 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)).) But the Eleventh Circuit has declined to adopt *Zippo* and, instead, uses the customary personal jurisdiction analysis when addressing out-of-state websites. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 n.10 (11th Cir. 2013); *Tobinick v. Novella*, No. 9:14-CV-80781, 2014 WL 7407490, at *3 n.2  (S.D. Fla. Sept. 25, 2014).

Under the customary personal jurisdiction analysis, Plaintiff cannot establish specific personal jurisdiction over each Defendant. Again, Plaintiff does not allege, nor can he demonstrate, that he booked the Hotel stay at issue online while he was in Florida. (*See, e.g.*, SAC ¶¶ 25–32, 34, Doc. 27.) And because Plaintiff's claims do not arise out of any of Defendants' alleged activities in Florida, Plaintiff has not and cannot establish a prima facie case for personal

3

jurisdiction. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250–51 (11th Cir. 2000); *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014).

Even if the availability of a hotel booking system in Florida could create specific personal jurisdiction, Plaintiff fails to plausibly allege how the online accessibility of that system in Florida justifies the exercise of personal jurisdiction for *each* of his claims. All of Plaintiff's claims relate to conduct that purportedly occurred in Dublin, Ohio. *See Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1236 (S.D. Fla. 2021); *see also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1223–24 (11th Cir. 2009) (finding the plaintiff's injury and an internet contact "too remote to satisfy the relatedness requirement" in connection with a negligence claim).

Plaintiff, grasping at straws, notes that Defendants contracted with him (a Florida resident) and that the defamation allegations he no longer asserts "relate to the other Counts" in the SAC (Resp. at 6, Doc. 30). However, Plaintiff's status as a Florida resident does not establish personal jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 285–86 (2014). Additionally, the fact that Plaintiff's defamation allegations purportedly relate to his current claims does not establish personal jurisdiction either. Courts do not exercise specific personal jurisdiction based on a plaintiff's claims (or non-claims) having some type of connection to each other. *See Future Tech. Today, Inc.*, 218 F.3d at 1250–51. Courts look at the connection between a claim and the *defendant's contacts* with the forum state. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 365 (2021). Plaintiff's operative claims do not arise out of, or plausibly relate to, Defendants' alleged contacts with Florida. (*See* SAC ¶¶ 130–196, Doc. 27.)

**B.    The Court Should Dismiss Plaintiff's Claims for Improper Venue.**

This Court should also dismiss Plaintiff's claims because of improper venue. Plaintiff devotes most of his venue argument to irrelevant caselaw and standards on *forum non conveniens*.

4

(*See* Resp. at 8–10, Doc. 30.) But Defendants have not moved for dismissal under that doctrine. (*See* Mot. to Dismiss Corr. Second Am. Compl. at 8–10, Doc. 29.) The doctrine of *forum non conveniens* allows a court to decline to exercise jurisdiction over a case "even though the court has venue." *Sibaja v. Dow Chem. Co.*, 757 F.2d 1215, 1218 (11th Cir. 1985). Here, Defendants have shown that venue in this Court is improper and that the Court should therefore dismiss Plaintiff's claims under Rule 12(b)(3). (*See* Mot. to Dismiss Corr. Second Am. Compl. at 8–10, Doc. 29.)

Plaintiff also argues for venue in the Southern District of Florida because: (1) Defendants purportedly "conduct business in Florida via Internet hotel reservations"; (2) Defendants made a settlement offer "while [Plaintiff] was living back in Florida"; and (3) "new acts of defamation occurred in Florida." (Resp. at 9, Doc. 30.)

However, the fact that Defendants purportedly conduct business in Florida through online hotel reservations does not establish venue.. *See* 28 U.S.C. § 1391(b). Moreover, none of the allegations that Plaintiff relies on gave rise to his claims. (*See* SAC ¶¶ 130–196, Doc. 27.) Plaintiff is not suing over Defendants' proposal to settle, nor is he asserting a defamation claim anymore. (*See id.*) Under no plausible reading of the SAC are these allegations a *substantial part* of the events giving rise to Plaintiff's claims, as required for venue under 28 U.S.C. § 1391(b)(2). (*See id.*) Instead, all the events or omissions giving rise to Plaintiff's claims occurred in Ohio. (*See id.*)

### C. Plaintiff's Deficient Claims Fail as a Matter of Law Under Rule 12(b)(6).

#### 1. Plaintiff's Shotgun Allegations Fail to State a Claim.

Plaintiff fails to justify his shotgun pleading. (*See* Resp. at 11–12, Doc. 30.) There is no legal support for the assertion that it is permissible, or "standard for business litigation," to assert claims against a convoluted list of persons, agents, and/or entities, many of which Plaintiff does not even identify. (Resp. at 12, Doc. 30.) And Plaintiff appears to admit that he asserts both a

5

respondeat superior claim and a direct claim for negligent supervision under Count 1: Negligence. (*Id.* at 11–12.) Plaintiff also offers no support for his impermissible decision to jam both claims into one cause of action. (*See id.*)

### 2.     Plaintiff's Negligence Claim Fails.

Confronted with Defendants' arguments that the SAC fails to plausibly allege either a direct negligence claim against Defendants or a derivative claim via Shaner's purported negligence, Plaintiff offers no substantive response (Resp. at 12, Doc. 30).  Plaintiff also concedes that his discussion of Ohio landlord–tenant laws in the SAC is irrelevant to his negligence claim. (SAC ¶ 72 n.17, Doc. 27.) But he now acknowledges that "none of that is directly relevant to the negligence claims." (Resp. at 12, Doc. 30.) The Court should therefore disregard those allegations in determining whether Plaintiff has plausibly alleged a negligence claim.

Plaintiff also offers no substantive response to Defendants' argument that Plaintiff has no cognizable injury. Plaintiff simply cites paragraph 142 of the SAC. (Resp. at 12, Doc. 30.) As Defendants explain in their Motion, Plaintiff fails to allege facts that plausibly show that he suffered a contemporaneous physical injury or that the emotional distress that he purportedly suffered was severe and debilitating. (Mot. to Dismiss Corr. Second Am. Compl. at 12–13, Doc. 29.) Plaintiff's assertion that he "has not stayed in a hotel since the incidents in this case" and that he purportedly "suffers insomnia and flashbacks" do not amount to severe and *debilitating* emotional distress under Ohio law. *See Paugh v Hanks*, 451 N.E.2d 759, 765 (Ohio 1983); *Woods v. Aurora Casket Co., Inc.*, No. 5-90-54, 1991 WL 217714, at \*2 (Ohio Ct. App. Aug. 27, 1991).

Nor does Plaintiff address Defendants' argument that Plaintiff cannot recover for his purported economic harm without an accompanying physical injury. *See Greenview Local Sch. Dist. Bd. of Edn. v. Staffco Constr., Inc.*, 71 N.E.3d 1275, 1279–80 (Ohio Ct. App. 2016).

### 3.    Plaintiff's Invasion of Privacy Claim Fails.

In support of his invasion of privacy claim, Plaintiff relies on a general comment from the Restatement that a defendant "forc[ing] his way into the plaintiff's room in a hotel" might state a claim. (Resp. at 13, Doc. 30.) But theoretical circumstances discussed in the Restatement do not save Plaintiff's meritless claim. The Restatement, and the relevant caselaw, indicate that a minor alleged intrusion—like the one Plaintiff asserts—is not an invasion of privacy. To be actionable, the intrusion must be substantial and "of a kind that would be highly offensive to the ordinary reasonable man, as a result of conduct to which the reasonable man would strongly object." Restatement (Second) of Torts § 652B. That a Hotel manager opened a room door and then stood in the doorway briefly to inform Plaintiff that he needed to leave because of an altercation is not an unwarranted or objectively offensive action. *See* Restatement (Second) of Torts § 652B.

Plaintiff also notes that Defendants did not explicitly distinguish one of the cases he cited in the SAC. (Resp. at 13, Doc. 30 (citing *Jackson v. Playboy Enters., Inc.*, 574 F. Supp. 10 (S.D. Ohio 1983)).) True. But how the facts in *Jackson*—a suit over a photograph published in Playboy magazine—could suggest that Plaintiff has stated a claim here, Plaintiff does not say. (*See id.*); *Jackson*, 574 F. Supp. at 11. The cases have no relevant similarities. And in *Jackson*, the Southern District of Ohio dismissed the plaintiff's invasion of privacy claim. 574 F. Supp. at 14.

### 4.    Plaintiff's Breach of Contract Claim Fails.

Recognizing that the alleged contract that he attached to the SAC does not have any of the purported terms that he is suing over, Plaintiff notes that he also referenced an "implied contract." (Resp. at 13, Doc. 30.) But Plaintiff's reference to an implied contract cannot save his claim. Plaintiff alleged an implied contract to suggest that he had a contract with Defendants for his entire stay at the Hotel—and not just the five days identified in the confirmation email (i.e., the alleged

express contract) attached to the SAC. (SAC ¶ 168, Doc. 27.) And as to the terms of the purported implied contract, Plaintiff alleged that the terms of the express and implied contracts were "the same." (*Id.*) Thus, neither the alleged express contract nor the implied one contains the invented terms that Defendants purportedly breached.

Nor can Plaintiff invent contract terms through the implied duty of good faith and fair dealing. (*See* Resp. at 14 & n.11, Doc. 30.) That duty is "a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting." *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 463 (Ohio 2018) (quoting *Ed Schory & Sons, Inc. v. Soc'y Nat'l Bank*, 662 N.E.2d 1074, 1082 (Ohio 1996)). But as the Ohio Supreme Court has explained, that duty does not create new contract terms or obligations. *Id.* at 464. And a party does not breach the duty of good faith and fair dealing "merely by seeking to enforce the contract or by acting as permitted by its express terms." *Id.*

Plaintiff argues that random provisions of the Ohio Revised Code are automatically incorporated into private contracts. He asserts, without any legal support, that if the Ohio Revised Code "regulates how and when housekeeping is to provide services, then that is implied in the contract unless the customer explicitly opts out" (Resp. at 14, Doc. 30). But this is not how contracts work, nor is it how the alleged contract here reads. The alleged contract explicitly states that "[d]ue to the current travel environment, hotel amenities and services may be limited." (SAC Ex. 1 at 3, Doc. 27-1) Plaintiff did not plausibly contract for specific details such as daily room cleanings or a stain-free carpet in the hallway of the lobby (See generally *id.*; see also SAC ¶ 61, Doc. 27).) But even if Plaintiff did contract for these devised details surrounding his stay, Plaintiff fails to plausibly allege that any breach of those terms of the alleged contract are material. Plaintiff can only recover for a material breach. *See Whitt Sturtevant, LLP v. NC Plaza LLC*, 43 N.E.3d 19,

30 (Ohio Ct. App. 2015). And here, the material terms of the alleged contract are that Plaintiff would have a room at the Hotel—not that housekeeping would clean the room daily or remove stains from the hallway carpet to Plaintiff's satisfaction. (*See* SAC Ex. 1 at 2–4, Doc. 27-1.)

Plaintiff continues to misapprehend the function and enforcement mechanism of the Ohio hotel sanitation laws. Plaintiff asserts that although he is purportedly not pursuing any "enforcement" of those laws, he "seeks compensation for damages" based on the purported breach of their provisions. (Resp. at 15, Doc. 30.) But the sanitation laws do not provide for private causes of action for damages based on a purported breach of those provisions. *See* O.R.C. § 3731.21. And without statutory language showing a "clear intent that the legislature intended" for private litigants to seek damages based on purported violations of a statute, courts will infer that the statute does not permit claims like Plaintiff's. *Noe v. Housel*, 153 N.E.3d 941, 947 (Ohio Ct. App. 2020).

Plaintiff also doubles down on his conclusory damages allegations, which center on his assertion that he purportedly paid "for a service that he did not receive." (SAC ¶ 183, Doc. 27; *see* Resp. at 15, Doc. 30.) But, again, the alleged contract contradicts Plaintiff's assertions about the services he believes he should have received. The alleged contract does not provide for any specific room cleaning schedule or for stain-free carpets. (*See generally* SAC Ex. 1, Doc. 27-1.) And Plaintiff does not dispute that he voluntarily left the Hotel after staying there for the nights that he paid for. (*See* Resp. at 15, Doc. 30.) Plaintiff's breach of contract claim fails.

### 5. Plaintiff's Ohio CSPA Claim Fails.

Plaintiff still insists that he has stated a CSPA claim based on his belief that the Hotel's managers were "incompetent" and that the Hotel should have had more frequent housekeeping. But as even Plaintiff appears to acknowledge, nothing in the alleged contract represented that the Hotel managers would satisfy Plaintiff's arbitrary competence requirements or that housekeeping

would clean his room daily. (*See* Resp. at 15–16, Doc. 30.) And without an identifiable representation, Plaintiff has no CSPA claim. (*See* SAC ¶ 193, Doc. 27 (alleging that Defendants violated the "deceptive" section of O.R.C. 1345.02(B)(2))); *see also* O.R.C. 1345.02(B).

Plaintiff also ignores the significance of the letter embedded in the SAC from Jennifer Guy of Hilton to Noble Park Properties, LLC. (*See* Resp. at 16, Doc. 30.) In the SAC, Plaintiff alleges that the Hotel was not a "Hilton" property. (SAC ¶ 190, Doc. 27.) But as Ms. Guy's letter shows, the Hotel is a Hilton franchised property. (*Id.* ¶ 129.) That is, Plaintiff's allegation about the Hotel is incorrect, as even the exhibit embedded in the SAC shows. The date of Ms. Guy's letter makes no difference—Plaintiff's allegation is still false. And when, as here, there is a conflict between allegations in a pleading and an accompanying exhibit, the exhibit controls. *Comparelli v. Republica Bolivariana de Venezuela*, 891 F.3d 1311, 1316 n.1 (11th Cir. 2018).

As to Defendants' argument that The Cincinnati Insurance Company's claim investigation is not a "consumer transaction" covered by the Ohio CSPA, Plaintiff offers no substantive response. Because nothing in connection with the claim investigation is a consumer transaction, Plaintiff has no CSPA claim. *See* O.R.C. 1345.01(A); O.R.C. 1345.02(A). And Plaintiff is just wrong about treble damages. *See* O.R.C. 1345.09(B); *Nelson v. Pieratt*, No. CA2011-02-011, 2012 WL 2088635, at *4 (Ohio Ct. App. June 11, 2012). Plaintiff does not and cannot allege the statutory prerequisite for those damages. (*See* SAC ¶¶ 186–196, Doc. 27.)

## II.   CONCLUSION.

The Court should grant Defendants' Motion (Doc. 29) and dismiss Plaintiff's claims.

Dated: December 3, 2024.                     Respectfully submitted,

_____
Chartwell Law
Attorneys for Defendants

10

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN GREER,

    Plaintiff,

v.

ROBERT HOYING; BRENT CRAWFORD;
and NOBLE PARK PROPERTIES LLC,

    Defendants.

Civil Action
File No.:      2:24-cv-14258-AMC

## CERTIFICATE OF SERVICE

This is to certify that on this date I electronically filed this Certificate of Service for

DEFENDANTS' RENEWED REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

PLAINTIFF'S CORRECTED SECOND AMENDED COMPLAINT with the Clerk of Court

using the CM/ECF system which will automatically send e-mail notification of such filing to the

following parties of record:

Steven Greer
steve@greerjournal.com
7029 Maidstone Drive
Port Saint Lucie, Florida 34986
*Pro Se*

This 3rd day of December, 2024.

Chartwell Law
*Attorneys for Defendants*

Kirstie L. Hayduk (FL Bar No. 168637)
Email: khayduk@chartwelllaw.com
100 S.E. 2nd Street, Suite 2150
Miami, FL 33131
Telephone: (754) 255-4218

11